

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-5-2005

# USA v. Goodman

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1651

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Goodman" (2005). *2005 Decisions.* Paper 169.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/169

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-1651

_____

UNITED STATES OF AMERICA

v.

JAMAL GOODMAN,

*Appellant*

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 02-cr-00643-1)
District Judge: Honorable Timothy J. Savage

_____

Submitted Under Third Circuit LAR 34.1(a)
November 15, 2005
Before: ROTH, FUENTES and BECKER, *Circuit Judges*

(Filed December 5, 2005)

_____

OPINION

_____

BECKER, *Circuit Judge*.

Jamal Goodman, pro se, appeals from a judgment against him in a criminal case in

which he was convicted, following a two-day jury trial, on seven counts of drug and gun

charges. Goodman essentially raises four claims going to the merits of the conviction and

one going to the sentence.  One of these four claims is that of ineffective assistance of counsel which, in accordance with our precedent, we decline to address on direct appeal. *See Massaro v. United States*, 538 U.S. 500 (2003); *United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003); *United States v. Jake*, 281 F.3d 123, 132 n.7 (3d Cir. 2002). The other three conviction-related claims are plainly lacking in merit.

First, the contention that the District Court did not have jurisdiction to consider the federal offenses with which Goodman was charged is baseless.  The indictment charged federal criminal law violations of 21 U.S.C. §§ 841(a), 846 and 860.  According to 18 U.S.C. § 3231, "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Second, the argument that the District Court denied Goodman his right of self-representation at sentencing and thus violated his Sixth Amendment rights is plainly lacking in merit.  Because Goodman never clearly and unequivocally expressed a desire to represent himself throughout the sentencing proceeding, the District Court was not required to conduct a colloquy pursuant to *Faretta v. California*, 422 U.S. 806 (1975). Third, viewing the evidence in the light most favorable to the government, it is clear that Goodman's claim that the District Court erred when it denied his Rule 29 motion must fail.  For the foregoing reasons, the judgment of conviction will be affirmed.

Turning to the sentence, we note that two points were added to Goodman's Guidelines score pursuant to U.S.S.G. § 3B1.1(c) because the Court found that Goodman

was a manager of the criminal activity. Goodman challenges the sentence under *United States v. Booker*, 125 S. Ct. 738 (2005), inasmuch as these findings were not made by a jury or admitted by the defendant. Having determined that the sentencing issues that Goodman raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in accordance with *Booker*. *See United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (*en banc*).