

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2007

# USA v. Goodman

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2073

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Goodman" (2007). *2007 Decisions.* Paper 1433.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1433

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case Nos.: 06-2073 & 06-2599

UNITED STATES OF AMERICA

v.

JAMAL GOODMAN
a/k/a Madik Clayton

Jamal Goodman,
                                        Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
Criminal No. 02-643
District Judge: The Honorable Timothy Savage

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 13, 2007

Before: SMITH and FISHER, *Circuit Judges*,
and DIAMOND, *District Judge**

OPINION

DIAMOND, *District Judge*.

*The Honorable Gustave Diamond, Senior District Judge for the Western District
of Pennsylvania, sitting by designation.

1

Jamal Goodman appeals from a judgment of conviction and sentence in a criminal case. Because we write only for the parties who already are familiar with the facts of this case, we will not restate those facts except as necessary for our analysis. For the reasons set forth below, we will affirm.

## I.

This is Goodman's second appeal from a judgment against him in a criminal case in which he was convicted by a jury on seven counts of controlled substances and firearms offenses. On his first appeal, we affirmed Goodman's conviction but vacated his sentence and remanded for re-sentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Goodman*, 159 Fed. Appx. 360 (3d Cir. 2005).

On remand, the District Court re-sentenced Goodman to a term of imprisonment of 144 months, a $2,000 fine, a term of supervised release of six years and a special assessment of $700. This appeal followed. By Order dated May 3, 2006, we explicitly stated that "the scope of this appeal is limited to the issue of whether the sentence imposed on re-sentencing is subject to some legal defect."

## II.

We have jurisdiction to review defendant's sentence pursuant to 18 U.S.C. §3742(a). We review a district court's imposition of a criminal sentence for reasonableness. *Booker*, 543 U.S. at 261; *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). A defendant challenging a sentence as unreasonable bears the burden of establishing unreasonableness. *Cooper,* 437 F.3d at 332.

2

The touchstone of reasonableness is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. §3553(a). *Id.* at 329-32. "It must be clear that the district court understood and reasonably discharged its obligation to take all of the relevant factors into account in imposing a final sentence." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007). A court need not discuss and make findings as to each of the §3553(a) factors if the record makes clear that the court took the factors into account in sentencing. *Cooper*, 437 F.3d at 329.

The transcript of Goodman's re-sentencing hearing reflects that the district court engaged in meaningful consideration of the relevant statutory factors and exercised independent judgment in weighing those factors and arriving at a final sentence. The court separately addressed each of the §3553(a) factors:

> I will note that when I look at the nature and circumstances of the offense, that it was involving the sale of a serious addictive drug that infected the community and was sold near a school yard. It's impact is felt beyond the defendant.
>
> I look to the history and characteristics of the defendant and I note that he has prior drug offenses, prior gun offense, that he was on probation and parole at the time some of the offenses in this particular case were committed. That he has failed to appear at other proceedings and other unrelated criminal cases, to demonstrate a disregard for the law. He demonstrated at the time of the last hearing that he was not amenable to rehabilitation but I have to take into consideration that there is no evidence that he has been a disciplinary problem since his incarceration after my last sentence which would be indicative to me that he has in some fashion been rehabilitated but still has a bit to go. A long way to go.

3

> I also note that between the time of the last sentence and this sentence, that he has demonstrated an ability to communicate to the extent that he has asked me to be compassionate and fair. I infer from that he has shown some remorse and that he is asking the court to exercise its discretion in turn for his acknowledgment that he is changed.

Supplemental Appendix of Appellee at 18-19.

After consideration of the foregoing factors, the district court concluded that a sentence of 144 months, a sentence 20 months below the original sentence and 16 months below the bottom of the advisory guidelines range, was sufficient, but not greater than necessary, to comply with the relevant statutory factors. The district court thoroughly explained the rationale underlying the sentencing decision. Accordingly, we conclude that the sentence imposed was reasonable.

## III.

In a supplemental *pro se* brief, Goodman raises for the first time the argument that the district court violated his Sixth Amendment rights at re-sentencing by determining drug quantity without the aid of a jury and by a preponderance of the evidence rather than beyond a reasonable doubt. Goodman's argument is without merit.

Because the sentencing court's finding in regard to drug quantity did not affect the statutory maximum sentence, that finding did not violate the rule of *Apprendi v. New Jersey*, 530 U.S.466 (2000). *See*, *Grier*, 475 F.3d at 562 ("Once an individual has been convicted by a jury beyond a reasonable doubt of the predicate facts of illegal conduct, triggering a statutory maximum penalty, a court may impose any sentence on the

4

individual up to that maximum" and "[j]udicial factfinding in the course of selecting a sentence within the permissible range does not offend the Fifth and Sixth Amendment").

Moreover, because the drug quantity finding was made under a system of advisory, rather than mandatory, sentencing guidelines, there was no Sixth Amendment violation. *Booker*, 543 U.S. at 245; *Grier*, 475 F.3d at 565-66 ("By excising the provisions of the United States Code requiring mandatory application of the United States Sentencing Guidelines . . . [n]one of the facts relevant to enhancements or departures under the Guidelines can increase the maximum punishment to which the defendant is exposed.").

Finally, we have recently reaffirmed that the standard of proof for facts relevant to sentencing is preponderance of the evidence, not proof beyond a reasonable doubt. *Grier*, 475 F.3d at 568; *Cooper*, 437 F.3d at 330. This standard is suggested by the Guidelines, is not precluded by the Fifth or Sixth Amendment, and not only previously has been approved by this court, but also is in accordance with the decisions of each of our sister circuits that have addressed the issue. *Grier*, 475 F.3d at 568.

Accordingly, we conclude that Goodman's sentence did not violate his Sixth Amendment rights to a trial by jury and proof beyond a reasonable doubt.

IV.

Goodman's remaining arguments challenging his conviction, most of which we already rejected on Goodman's first appeal, are beyond the scope of this appeal as limited in this court's May 3, 2006, order and otherwise are without merit. For the foregoing reasons, we conclude that the District Court's sentence was reasonable under *Booker* and

5

*Cooper*.   Accordingly, we will affirm the judgment of sentence.